## Com. of Pa. to Use, Appellant, v. The Standard Ac. Ins. Co. of Detroit, Mich.

Argued April 15, 1932.

Before TREXLER, P. J., KEL-
LER, GAWTHROP, CUNNINGHAM, BALDRIGE and PARKER,
JJ.

*M. J. Hosach,* for appellant, cited: Commonwealth
v. Fidelity & Deposit Company, 224 Pa. 99; Tarentum
Realty Company v. McClure, 230 Pa. 266; Fidelity &
Deposit Company of Maryland v. Phillips, 235 Pa. 469.

*Charles F. Patterson* of *Patterson, Sherrard and
Miller,* for appellee.

OPINION BY GAWTHROP, J., July 14, 1932:
In this action of assumpsit the use plaintiff, Annie
T. Sargent, seeks to recover on a bond filed by the
Keystone Detective Agency, Incorporated, hereinafter
called detective agency, in the court of quarter sessions
of Allegheny County on the 26th day of October, 1927,
pursuant to the requirements of the Act of May 23,
1887, P. L. 173, which authorizes courts of quarter ses-
sions to issue a license to a person intending to con-
duct the business of a detective or detective agency for
the period of three years. The act provides that such
license shall not be granted until a bond shall have been

entered, with approved security, in the sum of two thousand dollars, by such person or persons, conditioned for the faithful and legal performance of his or their duty; and that any person or persons injured or aggrieved by the illegal act of the licensee may bring suit on the bond in the name of the Commonwealth, to his or her use, leave of the court granting the license first being had or obtained for the bringing of such suit or suits.

Plaintiff's amended statement of claim averred, inter alia, the following facts: The detective agency received a detective license from the court of quarter sessions of Allegheny County on November 20, 1924, and on that day its bond, filed as required by the statute, with the present defendant as surety, was approved. On October 5, 1927, the detective agency applied to the court for a renewal of its license and on October 26, 1927, the new license was granted and the bond in suit was approved and filed. On or about June 15, 1927, the use plaintiff consulted the manager of the detective agency and discussed with him certain matters as to which she desired to obtain information. On June 18, 1927, the manager of the agency reported to her that he had made investigation and had learned certain facts which, if true, would enable her to recover certain funds to which she was entitled. Relying on this information she paid the detective agency the sum of $700 and the agency undertook for that consideration to render services in the recovery of the funds. The allegation of the statement is that no investigation whatever was made by the detective agency either before or after this agreement was made, and that the statements and information furnished to the use plaintiff, and which induced her to pay the $700, were false and made with a fraudulent intent for the purpose of obtaining the $700. It was averred further that the manager of the agency never rendered any services after the $700 was paid to him on June 18,

1927. As already stated, the suit was brought on the bond filed October 26, 1927. Leave to bring the suit was obtained from the court of quarter sessions of Allegheny County. The defendant filed an affidavit of defense averring that the statement of claim was insufficient as a matter of law for several reasons, one of which is that the transaction which is made the basis of the cause of action occurred prior to the entry and approval of the bond on which the suit is brought.

The court below held that the suit should have been brought on the bond filed October 9, 1924; that the bond sued upon was given subsequent to the alleged acts for which liability is asserted; that there was no continuing liability from the first bond to the second; and that, therefore, the statement of claim did not set up a sufficient cause of action; and entered judgment in favor of the defendant.

The judgment must be affirmed. We find nothing in the case to take it out of the general rule that a bond is binding on the surety prospectively only and not retrospectively, and is presumptively intended to cover defaults occurring after and not before its execution. See Tarentum Realty Co. v. McClure, 230 Pa. 266. The obligation of the bond in suit was for the faithful and legal performance of duty by the detective agency on and after the date of the bond. As the suit is for a claim resulting from a breach of duty which occurred prior to that date, the breach was not covered by its conditions. It matters not that the plaintiff may not have been in a position to say that there was an existing default before the second bond was given. The latter spoke in futuro. There was a continuing liability on the first bond. Commonwealth v. Fidelity & Deposit Co., 224 Pa. 95, principally relied upon by appellant to support the contention that the bond in suit was intended to cover past defaults, is clearly distinguishable from the present case on its facts and, therefore, is not controlling. Fortunately

for the use plaintiff, she has ample time to ask the consent of the court of quarter sessions to sue on the first bond, and to bring suit thereon.

The assignments of error are overruled, and the judgment is affirmed.